KIM SAVO
Assistant Federal Public Defender
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
NORMAN HON SUEN CHAN

FILED
DISTRICT COURT OF GUAM
MAY 16 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 05-00036 |
| Plaintiff, | ) NOTICE OF MOTION; MOTION TO |
| | ) REOPEN DETENTION HEARING |
| vs. | ) PURSUANT TO 18 U.S.C. § 3142(f) AND |
| | ) TO RELEASE DEFENDANT WITH |
| NORMAN HON SUEN CHAN, | ) CONDITIONS; DECLARATION OF |
| | ) COUNSEL; CERTIFICATE OF SERVICE |
| Defendant. | ) |

## NOTICE OF MOTION

TO: KARON V. JOHNSON
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

PLEASE TAKE NOTICE that the following motion will be heard before the Honorable Joaquin V.E. Manibusan, Jr., in his courtroom in the United States Courthouse, 4th Floor, 520 West Soledad Ave., Hagatna, Guam, on MAY 19 2005 @ 2:00 pm, or as soon as counsel may be heard.

ORIGINAL

## MOTION TO REOPEN DETENTION HEARING PURSUANT TO 18 U.S.C. § 3142(f)

Defendant, NORMAN HON SUEN CHAN, by and through counsel, Kim Savo, Assistant Federal Public Defender, respectfully moves this Court to reopen the detention hearing based on new evidence of the availability of an appropriate third party custodian to whom Mr. Chan can be released with conditions.

This motion is based upon the attached Memorandum of Points and Authorities, all files and records in this case, and such further evidence as may be adduced at a hearing on this motion.

DATED: Mongmong, Guam, May 16, 2005.

KIM SAVO
Attorney for Defendant
NORMAN HON SUEN CHAN

# MEMORANDUM OF POINTS AND AUTHORITIES

I. **Introduction**

On April 22, 2005, Norman Hon Suen Chan made his initial appearance and was arraigned before the District Court of the Northern Mariana Islands in Saipan. At that time, he was released on bond with conditions. These conditions included that he report to the United States Marshal for transportation to the District of Guam. In addition, Mr. Chan was required to surrender his passport to the U.S. Marshal. Currently, Mr. Chan's passport is in the custody of the U.S. District Court of the Northern Mariana Islands in Saipan.

On May 4, 2005, Mr. Chan made his initial appearance and was arraigned on an indictment alleging a violation of 8 U.S.C. § 1324 (a)(2)(B)(ii). On that date, the Court detained Mr. Chan on the grounds that he presented a serious risk of flight because he has no financial or family ties to Guam. On May 10, 2005, Mr. Chan appeared for a continued detention hearing. Initially, the parties agreed that Mr. Chan could be released on conditions to return to Saipan during the pendency of the case. During the hearing, the government changed its position upon learning that Mr. Chan's return to Saipan would require use of his passport. The government objected to Mr. Chan's possession of his passport.

Additionally, upon learning that Mr. Chan did not have the financial means to return to Guam on his own without transportation by the U.S. Marshal, the Court stated that it could not

3

agree to release Mr. Chan to Saipan unless Mr. Chan agreed to a Rule 20 transfer. The Court continued to detain Mr. Chan.

## II. The Court Should Reopen the Detention Hearing Based on New Information That Did not Exist at the Time of the Original Detention Hearing.

The Bail Reform Act provides that either party may move to reopen the detention hearing when "the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure" the appearance of the defendant and the safety of the community. *See* 18 U.S.C. § 3142(f). On May 10, 2005 there was a continued detention hearing in this case. At that time, Mr. Chan did not have information regarding a potential third party custodian to whom he could be released with conditions. Since the original detention hearing, the following information regarding a third party custodian is now known, and is material to the issue of conditions of release.

Guijiang Zheng is willing to serve as a third party custodian for Mr. Chan. Mr. Zheng is a resident of Guam, *see* Driver's License, attached as Exhibit A, and an asylee of the United States, *see* Travel Document, attached as Exhibit B. He has been legally admitted indefinitely to the United States. *See* Exhibit B. Mr. Zheng owns and operates the Rose Coffee Shop in Yigo, Guam. *See* Business License, attached as Exhibit C. He has operated this business for the past 3 years. Mr. Zheng leases two units at 106 Calvo Plaza, Yigo, Guam, one for the restaurant, and one as an

4

apartment for his employees. Mr. Zheng would house Mr. Chan in a room of the apartment above the restaurant. Mr. Zheng works at the restaurant from approximately 10:00 a.m. to 10:00 p.m. He believes that he can most effectively serve as custodian if Mr. Chan is housed above the restaurant. Mr. Zheng placed his initials on the United States Probation Office "Third Party Interview Form" indicating his willingness to accept all the responsibilities of a third party custodian.

Additionally, United States Probation Officer Chris Duenas reports that Mr. Chan's passport is currently in the custody of the United States District Court of Saipan.

### III. The Court Should Release Mr. Chan with the Least Restrictive Conditions.

The Bail Reform Act mandates the pretrial release of an individual on personal recognizance, or on execution of an unsecured appearance bond, unless the judicial officer determines that such a release will not reasonably assure the defendant's appearance or will endanger the community. *See* 18 U.S.C. § 3142(b). If the judicial officer concludes that personal recognizance or an unsecured appearance bond cannot assure the defendant's appearance and the safety of the community, the court shall order the pretrial release of the defendant on the condition that the defendant not commit any other crimes and "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, . . ." 18 U.S.C. § 3142(c)(A)-(B). The Act requires bail conditions "that will 'reasonably assure'

5

appearance [and safety], not guarantee it." *United States v. Xulam,* 84 F.3d 441, 444 (D.C. Cir. 1996).

Among the conditions available to the court is release to the custody of a third party, who agrees to assume supervision of the defendant. *See* 18 U.S.C. § 3142(c)(I). Such a third party exists in the person of Mr. Zheng. Mr. Zheng permanently resides on Guam, where he is a reputable businessman. Mr. Zheng has agreed to assume supervision of Mr. Chan and to report any violation of a release condition to the Court. Mr. Zheng is able to provide housing for Mr. Chan in an apartment adjacent to his restaurant, at which location Mr. Zheng can most practicably supervise Mr. Chan.

Mr. Chan presents no flight risk as he does not possess a passport on which he can travel. There is no evidence to suggest that Mr. Chan poses any danger to the community.

## IV. Conclusion

Based on the foregoing, Mr. Chan respectfully requests that the Court release him on bond with the standard terms and conditions to the supervision of Guijiang Zheng as third party custody.

DATED: Mongmong, Guam, May 16, 2005.

_____
KIM SAVO
Attorney for Defendant
NORMAN HON SUEN CHAN

6

## DECLARATION OF COUNSEL

I, KIM SAVO, hereby declare as follows:

1.  That I am counsel for defendant, NORMAN HON SUEN CHAN, having been appointed pursuant to the Criminal Justice Act.

2.  That the facts and statements set forth in the foregoing document are true and correct to the best of my knowledge and belief.

3.  On May 11, 2005, I spoke with United States Probation Officer Chris Duenas about Mr. Chan. USPO Duenas indicated to me that Mr. Chan's passport is currently in the custody of the District Court of the Northern Mariana Islands in Saipan.

4.  On May 12, I met with Guijiang Zheng at the Office of the Federal Public Defender to discuss his willingness to serve as third party custodian for Mr. Chan. At that meeting, Mr. Zheng agreed to accept the responsibilities of third party custodian. To that end, he placed his initials next to each enumerated responsibility on the United States Probation Office's "Third Party Interview Form." During the course of that meeting, Mr. Zheng explained to me that he owns and runs his own restaurant, where he works from approximately 10:00 a.m. to 10:00 p.m. He rents an apartment above the restaurant where he houses his employees. Mr. Zheng proposes to house

//
//
//

7

Mr. Chan in a room of this apartment because he can best supervise him if Mr. Chan is near to the restaurant.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Mongmong, Guam, May 16, 2005.

_____
KIM SAVO
Attorney for Defendant
NORMAN HON SUEN CHAN

8



**EXHIBIT A**

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY
Bureau of Citizenship and Immigration Services

This is *NOT* a United States Passport

This Travel Document does not protect your residence for naturalization purposes. Pursuant to the provision of section 223 of the Immigration and Nationality Act, this document is issued to the person named herein and may be used to readmit its rightful holder to the United States, if otherwise admissible. See important information on pages 21, 22, 23, 24 and on the inside of the back cover.

*If this document is found, please return to:*
Bureau of Citizenship and Immigration Services
Nebraska Service Center
P.O. Box 87131
Lincoln, Nebraska 68501

THIS DOCUMENT AT ALL TIMES REMAINS THE PROPERTY OF THE UNITED STATES AND SHALL BE RETURNED TO THE GOVERNMENT UPON DEMAND.

_____
Signature of Bearer / Signature Du Titulaire

**UNITED STATES OF AMERICA**
*Department of Homeland Security*

Bureau of Citizens
and Immigration Serv

Refugee Travel Document
Form I-571 (Rev 9-2-03)

Type/Categorie: TP
Country/Pays: CHINA
File Number/Numéro de Dossier: A76866480
Entries/Entrées: M
Book/Registre: 200209649
Surname/Nom: ZHENG
Given Names/Prénoms: GUIJIANG
Date of Birth/Date de Naissance: 26 OCT/OCT 1973
Sex/Genre: M
Class: ASYLEE
Date of Issue/Date de Délivrance: 23 SEP/SEPT 2004
Date of Expiration/Date d'Expiration: 23 SEP/SEPT 2005
Restrictions: NONE

Document de Voyage de Refugié

TPUSAZHENG<<GUIJIANG<<<<<<<<<<<<<<<<<<
2002096490CHN7310261M0509237LIN0417354259<8

**EXHIBIT B**



| | | |
|---|---|---|
| DEPARTMENT OF REVENUE AND TAXATION<br>GOVERNMENT OF GUAM<br>P.O. Box 23607<br>G.M.F. Barrigada, Guam 96921 | **BUSINESS LICENSE** | SRL NO: 051048 |

Sole Proprietorship        Retail            R

EXPIRES: JUNE 30, 2005     ACCOUNT NO.  30-200200287-001

| | FEE | 40 | 00 |
|---|---|---|---|
| ISSUED TO: ZHENG, GUI JIANG | PENALTY | | 00 |
| DOING BUSINESS AS: ROSE COFFEE SHOP | TOTAL FEE | 40 | 00 |

TYPE OF LICENSE:  SALE OF FOOD & BEVERAGES

BUSINESS LOCATION:  LOT 7024-1-NEW-4 UNIT 106 CALVO PLAZA
                    YIGO GUAM

MAILING ADDRESS:  2042 RT 16 STE 102
                  BOX 164 DEDEDO GUAM         ZIP: 96912

TELEPHONE:  HOME  646-9886                                      6/08/04

AUTHORITY: TITLE XVII, GOV'T CODE OF GUAM LICENSE MUST BE PRODUCED UPON DEMAND TO ANY AUTHORIZED GOV'T OFFICIAL. KEEP POSTED IN A CONSPICUOUS PLACE.

ARTEMIO B. ILAGAN
DIRECTOR OF REVENUE AND TAXATION

**EXHIBIT C**

## CERTIFICATE OF SERVICE

I, ALEXANDER A. MODABER, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following on May 17, 2005:

KARON V. JOHNSON
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA


CHRISTOPHER DUENAS
U.S. Probation Officer Specialist
U.S. Probation Office
Districts of Guam and NMI
2nd Floor, U.S. District Court

DATED: Mongmong, Guam, May 17, 2005.

_____
ALEXANDER A. MODABER
Investigator

KIM SAVO
Attorney for Defendant