JOHN T. GORMAN
Federal Public Defender
District of Guam

KIM SAVO
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
NORMAN HON SUEN CHAN

FILED
DISTRICT COURT OF GUAM
AUG 24 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05-00036 |
| Plaintiff, | MOTION TO RELIEVE THE OFFICE OF THE FEDERAL PUBLIC DEFENDER AS COUNSEL OF RECORD; CERTIFICATE OF SERVICE |
| vs. | |
| NORMAN HON SUEN CHAN, | |
| Defendant. | |

The Office of The Federal Public Defender hereby declares a conflict of interest in this case, and requests to be relieved as counsel of record based on that conflict. It is further requested that this Court appoint new counsel for Mr. Chan.

**DECLARATION OF COUNSEL**

I, KIM SAVO, hereby declare as follows:

1. That I am counsel for defendant, NORMAN HON SUEN CHAN, having been appointed pursuant to the Criminal Justice Act.

2. That the facts and statements set forth in the foregoing document are true and correct to the best of my knowledge and belief.

3. Norman Chan was indicted on April 13, 2005. The grand jury charged him with alien smuggling for the purposes of commercial advantage and financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), 18 U.S.C. § 2, and 6 U.S.C. §§ 251 and 557. On June 22, 2005, the government filed a superseding indictment. In the superseding indictment, Mr. Chan is charged with an additional count in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), 18 U.S.C. § 2, and 6 U.S.C. §§ 251 and 557.

4. Count 1 alleges that Mr. Chan brought an alien by the name of Li Qui Liu into the United States in violation of the law. In both the initial indictment and in Count 2 of the superseding indictment, Mr. Chan is charged with bringing Wen Ling Ren into the United States in violation of the law.

5. On two separate occasions I conferred with government counsel to ascertain whether my office had represented Li Qui Liu in a case that would give rise to a conflict. Government counsel indicated that there was no conflict with respect to Ms. Liu.

6. My office received a telephone call on August 23, 2005 from a lawyer in New York identifying himself as counsel for Wen Ling Ren. He informed us that Richard Arens, Assistant Federal Public Defender for the District of Guam, represented Ms. Ren in this district in case number Mag. No. 04-00017.

7. Mr. Arens has been deployed with the military, and I serve as his replacement. I was unaware that he had represented Ms. Ren when I was appointed to this case.

2

8. Administrative staff conducted a database search and confirmed that this office did, in fact, represent Ms. Ren.

9. I conferred with Federal Public Defender John T. Gorman regarding the conflict in this case, and he instructed me to seek to be relieved from representation of Mr. Chan to avoid a conflict of interest.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Mongmong, Guam, August 23, 2005.

                                                KIM SAVO
                                                Attorney for Defendant
                                                NORMAN HON SUEN CHAN

3

Case 1:05-cr-00036    Document 21    Filed 08/24/2005    Page 3 of 4

## CERTIFICATE OF SERVICE

I, ALEXANDER A. MODABER, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following on August 24, 2005:

KARON V. JOHNSON
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

DATED: Mongmong, Guam, August 24, 2005.

_____
ALEXANDER A. MODABER
Investigator

KIM SAVO
Attorney for Defendant
NORMAN HON SUEN CHAN