

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendant*
*Norman Hon Suen Chan*

**FILED**
DISTRICT COURT OF GUAM

AUG 3 1 2005

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00036 |
| Plaintiff, | ) | |
| vs. | ) | **DECLARATION OF PATRICK CIVILLE IN SUPPORT OF DEFENDANT'S MOTION TO CONTINUE TRIAL DATE** |
| NORMAN HON SUEN CHAN, | ) | |
| Defendant. | ) | |

I, G. PATRICK CIVILLE, hereby declare and state as follows:

1. I am an attorney and a member of the Bar of this Court. I have recently been appointed to represent the above-named Defendant.

2. This declaration is based on matters within my own knowledge.

3. On or about August 25, 2005 I received a telephone call from Kim Savo, an attorney with the Federal Public Defender's Office, informing me that her office found it necessary to withdraw from the above-captioned case because she had only recently discovered that her office had represented a man who would be a witness against the defendant if this matter proceeds to trial. Ms. Savo informed me that I had been appointed to represent the defendant.

4. On Friday, August 26, I briefly met with the defendant. Because I have not yet received the full discovery packet in this matter, I was only able to have a limited discussion during our first meeting.

5. Yesterday, August 30, I received the Order appointing me to represent the defendant.

6. Although it appears this case will be resolved through plea negotiations, if the matter does proceed to trial, I will not be able to effectively prepare to Mr. Chan's defense by September 6, 2005. Among other things, the facts of the case do not appear simple and I may need to interview persons who have knowledge of relevant information. My understanding is that such interviews would have to be conducted on the island of Saipan, which is where the witnesses live. I have commitments on other cases which make it impossible for me to drop everything and immediately devote myself to this case.

7. In setting a new trial date, I ask the Court to make allowance for the fact that I am scheduled to begin trial in the Superior Court of Guam on September 19, 2005, in the case *RCS Enterprises, Inc., et al. v. Shell Guam, Inc., et al.,* Superior Court of Guam Consolidate Case Nos. CV1442-99 and CV1548-99. That case has at least a 95% percent probability of going forward as scheduled. Opposing counsel in that case has estimated the trial will last three to four weeks. I ask that trial in this matter be postponed until at least the second week of October.

8. I am counsel for the defendant in the matter of *United States v. Christopher M. Espinosa,* District Court of Guam Criminal Case No. 05-00053. The Court has set trial in that

///

///

2

matter for November 8, 2005. I would be prepared to take this matter to trial, if a trial is necessary, on November 8 or immediately following the *Espinosa* trial if that case goes forward.

I hereby declare under penalty of perjury pursuant to the laws of Guam and the United States of America that the foregoing declaration is true and correct.

Executed at Hagåtña, Guam, this 31st day of August, 2005.

G. PATRICK CIVILLE